FILED

07 JUL -5 AM 8:13

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE J. WITHROW, formerly known as VALERIE J. HUNT,<br><br>             Plaintiff,<br><br>v.<br><br>BACHE HALSEY STUART SHIELDS, INC., SALARY PROTECTION PLAN (LTD),<br><br>             Defendant. | Civil No. 06CV0369 R(RBB)<br><br>ORDER DENYING DEFENDANT'S REQUEST TO DEPOSE PLAINTIFF |

**FACTUAL BACKGROUND**

On June 13 and 21, 2007, Defendant Bache Halsey Stuart Shields, Inc. Salary Protection Plan (LTD) and Plaintiff Valerie Withrow, respectively, submitted letter briefs to the Court addressing the scope of discovery in this case. Specifically, Defendant seeks to depose the Plaintiff in this ERISA benefits action, and Plaintiff objects to the taking of her deposition.

Plaintiff alleges that beginning on December 6, 1986, she was totally disabled from employment in any occupation. Compl. 6. On or about January 15, 1987, Withrow submitted her Application for Continuation of Salary Benefits and alleged that she had been

receiving long-term disability benefits through Reliance Standard Life Insurance Company ("Reliance") from 1982 through February 1985. Id. Plaintiff's supervisor, on March 6, 1987, completed the Employers Statement and Certification of Coverage and indicated that Withrow's last day of full-time work was December 5, 1986. Id.

Plaintiff was receiving a monthly long-term disability payment, and on or about August 14, 1990, she called Reliance to discuss her belief that the benefit amount was improperly calculated. Id. at 7. On October 1, 1990, Withrow wrote to Dominic Lorenzo at Reliance about the underpayment of benefits. Id. Personnel at Reliance communicated among each other about the request to recalculate Plaintiff's disability benefits. Id. at 7-8.

On May 30, 2002, Plaintiff wrote to the manager of employee benefits at Bache, her former employer, and asked that he look into her dates of disability and her income history. Id. at 8. Withrow then wrote to Reliance on June 8, 2002, and outlined her calculation of benefits. Id. Plaintiff called Reliance on June 28, 2002, and spoke with Joseph Fischer about the underpayment of benefits. Id. at 8-9. She wrote to Fischer on July 6, 2002, and confirmed that additional information had been received by Reliance. Id. at 9. Plaintiff spoke with Fischer again on July 9, 2002. Id. at 10. On October 16 and November 12, 2002, Withrow wrote to Reliance and explained her belief that her benefits had been miscalculated. Id.

Plaintiff's claim for increased benefits was denied on or about February 12, 2003. Id. The four-page February 12, 2003,

denial letter concludes that no adjustment for the payment of past benefits was necessary. Compl. Ex. T-3. There is no mention of a statute of limitations or time frame for seeking review of the calculation of benefits. Id.

On July 21, 2003, Withrow appealed Reliance's decision that her long-term benefits had been properly calculated. Compl. 11. Richard Walsh, on January 14, 2004, informed Plaintiff that the insurer was upholding its decision and a written explanation would follow. Id. at 12. As of the filing of her Complaint on February 16, 2006, Withrow had not received the written denial of her claim for a recomputation of benefits. Id. at 13.

## DISCUSSION

In this case, both parties agree that the matter is subject to de novo review by the district court. Yet, they disagree on whether the Defendant may depose the Plaintiff and offer extrinsic evidence relating to potential statute of limitation issues. The seven deposition topics listed in Defendant's letter brief show that it's limitations defense is aimed at the delay in seeking a recalculation of benefits from the claims administrator. The Defendant does not appear to be challenging the delay in filing suit after the January 14, 2004, denial of her request to recalculate benefits.

In Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 973 (9th Cir. 2006), the Ninth Circuit noted that "when de novo review applies, the court is not limited to the administrative record and may take additional evidence." In Abatie, the insurer originally denied benefits because "no waiver of premium application had been submitted on behalf of Dr. Abatie." Id. at 974. The final denial

1  letter "added a second reason -- that Plaintiff had provided
2  insufficient evidence to show that Dr. Abatie had remained totally
3  disabled . . . ."  The failure to consider the Plaintiff's new
4  evidence was error if, on remand, the claim survives the
5  consideration of the Plaintiff's failure to request a waiver of
6  premiums.  Id.
7      For de novo review, the task is simply to decide whether the
8  plan administrator correctly or incorrectly denied benefits.
9  Abatie, 458 F.3d at 963.  The court's decision is "based on the
10 evidence in the administrative record and 'other evidence as might
11 be admissible under the restrictive rule of Mongeluzo [v. Baxter
12 Travenol Long Term Disability Benefit Plan, 46 F.3d 938 (9th Cir.
13 1995)].'"  Opeta v. Northwest Airlines Pension Plan, 484 F.3d 1211,
14 1217 (9th Cir. 2007) (quoting Kearney v. Standard Ins. Co., 175
15 F.3d 1084, 1094 (9th Cir. 1999)).  But the new evidence must relate
16 to issues in dispute.
17     Mongeluzo states that extrinsic evidence may be considered
18 only under "certain limited circumstances."  Id. at 1217.  The
19 Ninth Circuit has identified those circumstances.

> [T]he district court should exercise its discretion to
> consider evidence outside the administrative record
> "'only when circumstances clearly establish that
> additional evidence is necessary to conduct an adequate
> de novo review of the benefit decision. [Citation
> omitted.]  We emphasized that "a district court should
> not take additional evidence merely because someone at a
> later time comes up with new evidence" and that "[i]n
> most cases" only the evidence that was before the plan
> administrator at the time of determination should be
> considered. [Citation omitted.]

26 Id.
27     Examples of exceptional circumstances include claims that
28 involve complex medical issues, turn on the credibility of medical

experts, were decided on a limited review with little or no evidentiary record, require the interpretation of plan provisions rather than historical facts, and suggest a conflict of interest may exist because the administrator and payor were the same. Id.

In Withrow's case, the time within which Plaintiff sought to question the calculation of benefits has never been in dispute. In spite of the extensive communications between Plaintiff and Reliance, at no time prior to the filing of its Answer to the Complaint was this defense to payment raised. Evidence relating to it is not part of the administrative record. Consequently, the belated assertion of this defense is not an exceptional circumstance, and extrinsic evidence relating to a statute of limitations defense should not be considered. This information is not relevant, admissible or reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b). For these reasons, the Defendant's request to depose the Plaintiff is **DENIED**. The letter briefs submitted by the parties shall be filed and made a part of the record.

**IT IS SO ORDERED.**

DATED: July 3, 2007

Ruben B. Brooks, Magistrate Judge
United States District Court

cc:
Judge Rhoades
All Parties of Record